## G. F. Bieber, Plaintiff in Error, v. Aetna Insurance Company of Hartford, Defendant in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Moultrie county; the Hon. WILLIAM
C. JOHNS, Judge, presiding. Heard in this court at the October
term, 1914. Reversed and remanded. Opinion filed October 13, 1915.

### Statement of the Case.

Action by G. F. Bieber, plaintiff, against Ætna In-
surance Company of Hartford, a corporation, defend-
ant, under a fire insurance policy for loss. To reverse
a judgment in bar entered against him, the plaintiff
prosecutes a writ of error.

WHITLEY, FITZGERALD & McLAUGHLIN and WHIT-
AKER, WARD & PUGH, for plaintiff in error.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

F. M. HARBAUGH and CHARLES B. OBERMEYER, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. PLEADING, § 463*—*when error in overruling demurrer waived.* A party by replying to pleas after his demurrer thereto has been overruled loses his right to have such ruling passed upon by a reviewing court.

2. WITNESSES, § 21*—*when incompetent to testify.* In an action on a fire insurance policy, objection to a question asked the defendant company's special adjuster, whose headquarters were at another city than where the headquarters of the company were, as to whether the company had received any notice from certain appraisers chosen by the parties to appraise the loss, *held* improperly overruled where it was not shown that the witness had any knowledge of the subject of the inquiry.

3. INSTRUCTIONS, § 7*—*when necessary that jury be accurately instructed.* Where there is sharp conflict in the testimony, it is important that the jury be accurately instructed.

4. INSURANCE—*what not question for jury under plea in bar.* In an action on a fire insurance policy which provided that the insured should, at the request of the insurer, submit to an examination on oath, *held* erroneous to leave it to the jury to determine under a plea in bar to the action as a question of fact whether questions which the insured refused to answer at such hearing were material to the issue, since, if the question had been material, it could only be taken advantage of by a plea in abatement of the writ.

5. INSURANCE—*what questions in examination of insured under terms of fire insurance policy material.* On an extrajudicial examination of an insured, before a notary, conducted under the terms of a fire insurance policy providing therefor, only such questions are material as have a bearing on the insurance and the loss.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.